IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOUGLAS EUGENE CAUSEY**                                                                                       **PLAINTIFF**
ADC #093679

V.                                          CASE NO.  4:21-cv-01240 JM

**ROBERT ALSTON NEWCOMB**                                                                                    **DEFENDANT**

**ORDER**

Plaintiff Douglas Causey, in custody at the Grimes Unit of the Arkansas Division of Correction, paid the filing fee and filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, challenging his trial counsel's effectiveness. (Doc. 1, 5). His Complaint, however, will be dismissed for failure to state a claim on which relief may be granted.

**I. Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

**II. Discussion**

Causey retained counsel Robert Newcomb to represent him in a number of cases including as defense counsel in two state criminal matters. (Doc. 1 at 1); *See State v. Causey*, 60-CR-18-

2487 and *State v. Causey*, 60-CR-19-1595. In this suit, Causey says Newcomb never effectively represented him and challenges that representation in a number of ways.  A review of Arkansas's case management system reveals that both state criminal cases remain open.

Causey brings suit under 42 U.S.C. § 1983 alleging that Newcomb provided ineffective counsel. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Defense counsel in a criminal case, whether appointed or retained, is not a state actor. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981). As a result, Newcomb is a private actor. To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustee of Hamline University, Minn*., 747 F.3d 532, 536 (8th Cir. 2014) (internal citation omitted). Causey has made no such showing.

To the extent Causey also made state-law malpractice or breach of contract claims, this Court may decline to exercise supplemental jurisdiction over those claims if no live federal claims remain in this case. 28 U.S.C. § 1367. "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'" *King v. City of Crestwood, Missouri*, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted). Having already determined that Causey's federal claims must be dismissed, the Court declines to retain jurisdiction over his state-law claim.

Causey's claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 1st day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE